UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DON TERRY,

      Petitioner,

  - against -

JAMES T. CONWAY,

      Respondent.
------------------------------------------------------------X

**MEMORANDUM ORDER**
11-CV-2647 (RRM)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

  On May 27, 2011, Don Terry ("Petitioner"), proceeding *pro se*, filed a petitioner for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), challenging on various grounds his 2008 conviction for Robbery in the Second Degree and Criminal Possession of Stolen Property in the Fifth Degree in the Supreme Court of the State of New York, Queens County for which he is now serving an indeterminate sentence of from twenty-five years to life in prison. By Order to Show Cause dated June 7, 2011, the Court set a briefing scheduling on the petition. (Doc. No. 2).) During the course of such briefing, Petitioner filed a number of motions seeking 1) "Entry of Default" against Respondent (Doc. No. 5) and 2) opposing an extension of time for submission of Respondent's opposition (Doc. No. 10); 3) various items of discovery and expansion of the record (Doc. Nos. 17, 20), and 4) the appointment of counsel (Doc. No. 12), all of which are DENIED for the reasons below. Petitioner also sought an extension of time to file his reply (Doc. No. 11), which is GRANTED and the Court will accept all of Petitioner's submissions in support of his Petition, including Documents 10 through 20. The Petition is now deemed fully-briefed.

1

### I. Motion for Entry of Default and Opposition to Extending Respondent's Time to Oppose the Petition

Petitioner seeks Entry of Default against Respondent for failing to respond to the petition by the date required pursuant to the Court's briefing schedule, and opposes Respondent's request for an extension of the time to oppose the petition. By letter dated August 16, 2011, Respondent's counsel requested a one-month extension to file his opposition, citing extensive litigation responsibilities in other cases. Although the request was made approximately one week after the opposition was due, the reasons cited by counsel justified the brief extension, which the Court granted by electronic order the same day. Indeed, Respondent timely filed his opposition pursuant to the extension. As such, Petitioner's motions with regard to Respondent's opposition are DENIED.

### II. Discovery

In a habeas corpus proceeding, a judge may only permit discovery of this nature "for good cause shown." *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) (citing Rule 6(a) of the Rules Governing § 2254, which provides "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise"). To show "good cause," a petitioner must provide an affidavit setting forth specific allegations that provide the court with "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy,* 520 U.S. at 908-09 (quoting from *Harris v. Nelson,* 394 U.S. 286, 299, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969)). Generalized statements about the possible existence of discovery material are insufficient. When the petitioner provides no specific

evidence that the requested material would support his or her habeas corpus petition, courts will exercise their discretion to deny a discovery request. *Gonzalez v. Bennett,* 2001 U.S. Dist. LEXIS 19798 at *11-12 (S.D.N.Y. Nov. 30, 2001); *Charles v. Artuz,* 21 F. Supp. 2d 168, 170 (E.D.N.Y. 1988); *Hirschfeld v. Comm'r of Div. of Parole,* 215 F.R.D. 464, 465 (S.D.N.Y. 2003).

Petitioner seeks sealed records of Marie Miller, a woman who was arrested with Petitioner and his co-defendant but whose case was dismissed after the District Attorney determined that Miller would not be prosecuted. Petitioner does not specify what records he seeks, nor does he demonstrate, let alone show good cause, for how any such information will assist in the development of his claims. As such, his generalized statements regarding the possible existence of such material are insufficient to warrant discovery.

### III. Appointment of Counsel

Petitioner has requested that he be appointed counsel. A habeas corpus petitioner does not have a constitutional right to counsel. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). In determining whether to appoint counsel, courts first look at "whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If that requirement is met, courts consider "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of legal issues," or any other criteria that would lean in favor of appointing counsel. *Hodge*, 802 F.2d at 61-62. Having considered petitioner's claims and all of the *Hodge* factors, the Court finds that appointment of counsel is not warranted at this time because it appears the petition can be resolved on the written submissions. *See* J*efferys v. Lavalley*, 2012 U.S. Dist. LEXIS 110650, 7-8 (E.D.N.Y. Aug. 6, 2012) ; *Roque v. Lee*, 2012 U.S. Dist. LEXIS 96143 (E.D.N.Y. July 11, 2012) ; *Lawson v. Taylor*, 2011 U.S. Dist. LEXIS 22100, 2011 WL 839509, at *1 (E.D.N.Y.

Mar. 2, 2011). Therefore, petitioner's request for the appointment of counsel is DENIED without prejudice to renew should circumstances warrant at a later date.

## CONCLUSION

For the reasons set forth herein, Petitioner's motions seeking 1) "Entry of Default" against Respondent (Doc. No. 5) and 2) opposing an extension of time for submission of Respondent's opposition (Doc. No. 10); 3) various items of discovery and expansion of the record (Doc. Nos. 17, 20), and 4) the appointment of counsel (Doc. No. 12), are DENIED. Petitioner request for an extension of time to file his reply (Doc. No. 11) is GRANTED and the Court will accept all of Petitioner's submissions in support of his Petition, including Documents 10 through 20. The Petition is now deemed fully-briefed and under submission.

The Clerk of Court shall mail a copy of this Memorandum and Order to Petitioner and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
September 22, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge