```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DON TERRY,

                Petitioner,
                                                                    MEMORANDUM ORDER
        - against -                                                 11-CV-2647 (RRM)


JAMES T. CONWAY,

                Respondent.
----------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

  Petitioner Don Terry filed the instant petition seeking a writ of habeas corpus on May 27, 2011.  By letter dated October 5, 2012, Terry requested that the Court stay his petition and hold it in abeyance to allow him to exhaust additional claims in state court.  For the reasons below, the Court denies petitioner's request for a stay.

## Background

  On July 1, 2008, petitioner Don Terry was convicted, after a jury trial, of two counts of robbery in the second degree and one count of criminal possession of stolen property in the fifth degree in the New York Supreme Court, Queens County.  Terry was sentenced as a persistent violent offender to an indeterminate term of from twenty-five years to life in prison.  Terry filed a motion pursuant to New York CPLR § 440.10, challenging his conviction on the ground that his right to a speedy trial was violated.  By memorandum dated October 22, 2008, the court denied petitioner's motion because it was based on matters within the record.  (Memorandum of October 22, 2008 (Doc. No. 7) at 17.)

1

Petitioner appealed to the Appellate Division, Second Department in April 2010,[1] raising five grounds as error: (1) the trial court's refusal to sever his case from that of his co-defendant denied petitioner his right to a fair trial; (2) petitioner was deprived of his right to a fair trial and effective assistance of counsel by the combined prejudicial effect of (a) trial counsel's failure to object to, and admission of, evidence that the victim identified an accomplice who was not on trial, (b) summation comments relating to the identification, and (c) the absence of a charge instructing the jury not to speculate about the accomplice; (3) petitioner was deprived of his right to a fair trial by the court's (a) declining to charge the jury that the mere probability of guilt did not constitute proof beyond a reasonable doubt, and (b) not instructing the jury to return separate verdicts as to each defendant; (4) petitioner's adjudication as a mandatory persistent felon violated his due process rights and right to a jury trial; and (5) the sentence of 25 years to life was excessive.  (App. Div. Br. (Doc. No. 7) at 18–79 (ECF pagination).)

In an order dated November 30, 2010, the Appellate Division modified petitioner's sentence to 20 years to life, and otherwise unanimously affirmed the trial court.  (Decision & Order of November 30, 2010 (Doc. No. 1) at 22–23 (ECF pagination).)  The Appellate Division held that petitioner's first ground (severance) was without merit, and that his second, third, and fourth grounds (the two fair trial grounds and mandatory persistent felon ground) were unpreserved for appellate review.  (*Id.*)  Petitioner sought leave to appeal to the New York Court of Appeals, which was denied on February 23, 2011.  (Certificate Denying Leave (Doc. No. 1) at 25 (ECF pagination).)

Petitioner filed the instant petition for a writ of habeas corpus on May 27, 2011, alleging the same grounds one through four that were raised before the Appellate Division (severance, right to fair trial with respect to prejudicial admission of evidence and lack of jury charge

---

[1] The precise date of petitioner's appeal is not clear from the record.

2

regarding reasonable doubt, and adjudication as a mandatory persistent felon).  (*See* Pet. at 9–18.)  On September 14, 2011, respondent filed his opposition to the petition along with supporting papers.  (*See* Doc. Nos. 6–9.)

By letters dated October 5, 2012 and February 1, 2013, petitioner moved to stay his petition in order to return to state court and exhaust four claims not previously presented to the state courts.  (Doc. Nos. 22, 24.)  Respondent opposes the stay.  (Doc. No. 23.)  Petitioner has apparently already filed the second § 440.10 motion, challenging his conviction on the following grounds: (1) the felony complaint and indictment were jurisdictionally defective; (2) the state engaged in selective prosecution by prosecuting petitioner instead of a woman who was arrested at the same time as petitioner; (3) the state violated petitioner's due process rights by withholding *Rosario* and *Brady* material; and (4) petitioner's trial counsel was ineffective for failing to object to unspecified inadmissible evidence.  Petitioner has not indicated the current status of his § 440.10 motion.

## Discussion

Although a federal district court may not adjudicate a petition for habeas relief that is "mixed" – that is, a petition that contains both exhausted and unexhausted claims – the court may stay such a petition during the pendency of state proceedings on the unexhausted claims.  *Madrid v. Ercole*, No. 08-cv-4397, 2012 U.S. Dist. LEXIS 173291, at *2 (citing *Rhines v. Weber*, 544 U.S. 269, 273–77 (2005)).  In order to grant such a stay, however, the habeas court must be presented with a mixed petition containing both exhausted and unexhausted claims.  *See Hendrix v. West*, No. 04-CV-6086L, 2008 U.S. Dist. LEXIS 10709, at *2–3 (W.D.N.Y. Feb. 13, 2008) (citing *Clancy v. Phillips*, No. 04-CV-4343, 2005 U.S. Dist. LEXIS 13179, at *9–10 (S.D.N.Y. June 30, 2005)).

Each ground for relief contained in Terry's petition is exhausted, either because it was fully presented to the courts of New York (in the case of ground one) or because it is procedurally barred and deemed exhausted (grounds two, three, and four).[2] Moreover, the unexhausted claims that Terry now seeks to exhaust are not contained in his original petition. Terry's petition is therefore not mixed, and his motion for a stay is premature. *Madrid*, 2012 U.S. Dist. LEXIS 173291, at *2–3; *Bethea v. Walsh*, No. 09-CV-5037, 2010 U.S. Dist. LEXIS 54128, at *3–4 (E.D.N.Y. June 1, 2010); *Hendrix*, 2008 U.S. Dist. LEXIS 10709, at *2–3.

Ordinarily in this situation, courts in this circuit have required petitioner to move to amend his petition to add the unexhausted claims, and then file a new motion to stay the petition. *Madrid*, 2012 US Dist LEXIS 173291, at *3. This process is, however, unnecessary in this case because it is apparent that petitioner could not make the showing required under *Rhines* to obtain a stay even if he amended his petition to include the unexhausted claims. "[A] court may stay a petition if the petitioner can show 'good cause for [his] failure to exhaust his [as-yet-unexhausted] claims,' and that those claims are not 'plainly meritless.' Additionally, before imposing a stay, the Court must be satisfied that petitioner has not been engaging in 'intentionally dilatory litigation tactics.'" *Owens v. Lempke*, No. 9:11-CV-0806, 2013 U.S. Dist. LEXIS 10689, at *2–3 (N.D.N.Y. Jan. 28, 2013) (quoting *Rhines*, 544 U.S. at 277–78).

The only ground petitioner asserts as good cause for his failure to exhaust the new claims is that he is an "indigent layman" who is not versed in the law, which is insufficient to constitute good cause. *See Madrid*, 2012 U.S. Dist. LEXIS 173291, at *5; *Spells v. Lee*, 2012 U.S. Dist. LEXIS 102186, at *19–20 (E.D.N.Y. May 23, 2012), *adopted in part by* 2012 U.S. Dist. LEXIS 102189, at *18. Moreover, each of the four new grounds for relief petitioner seeks to exhaust (a

---

[2] These grounds are procedurally barred because the Appellate Division determined that they were unpreserved for appellate review.

4

jurisdictional defect in the complaint and indictment; a claim of selective prosecution; a due process violation stemming from alleged withholding of *Rosario* and *Brady* material; and ineffective assistance of trial counsel) has been known to petitioner since trial, and petitioner offers no explanation why he did not present these claims to the New York courts earlier. *See Spurgeon v. Lee*, No. 11-CV-00600, 2011 U.S. Dist. LEXIS 35252, at *6–8 (E.D.N.Y. Mar. 31, 2011) (citing *Linnen v. Poole*, No. 05-CV-6484, 2011 U.S. Dist. LEXIS 11042, at *18–19 (W.D.N.Y. Feb. 4, 2011)).[3]

## Conclusion

For the reasons given above, petitioner's motion to stay his petition is denied. The Clerk of Court is respectfully directed to mail a copy of this Order to pro se petitioner and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       August 16, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[3] Petitioner appears to allege that newly discovered information supports the *Brady* claim. (*See* Letter of October 6, 2012.) However, petitioner gives no indication as to what information he has discovered or when he discovered it, giving the Court no basis to conclude that he has uncovered new evidence that would constitute good cause for granting a stay and allowing him to exhaust this claim.